*In re* WATERMAN, No. 87449. This Court has received the Decision and Recommendation for Order of Discipline in this matter. The Judicial Tenure Commission recommends that the respondent be publicly censured. We have also received the respondent's consent to the recommendation of the Commission that he be publicly censured. After due consideration of this matter, this order shall stand as our public censure of the respondent. The Decision and Recommendation for Order of Discipline and the Acknowledgement, Stipulation, Consent and Concurrence of Respondent are attached to this order.

STATE OF MICHIGAN
IN THE SUPREME COURT

IN THE MATTER OF:

HON. WILLIAM WATERMAN
Judge, 50th District Court
70 North Saginaw Street
Pontiac, Michigan 48058

BEFORE THE JUDICIAL TENURE COMMISSION /   ·

DECISION AND RECOMMENDATION
FOR ORDER OF DISCIPLINE

At a session of the Michigan Judicial Tenure Commission held on the 11th day of September, 1989, at which the following Commissioners were

PRESENT:   Hon. Thomas J. Foley
Hon. Hilda R. Gage
Hon. Barry M. Grant
Hon. Harold Hood
Hon. James R. McCann
Marjorie Peebles-Meyers, M.D.
Rev. Jay Samonie

The Judicial Tenure Commission of the State of Michigan, hereinafter referred to as the "Commission", files this Recommendation of Discipline against William Waterman, District Judge, in Pontiac, Oakland County, Michigan, hereinafter referred to as "Respondent." This action is taken pursuant to the authority of the Commission under Article VI, Section 30 of the Michigan Constitution of 1963, as amended, and Rule 9.200, as amended. Having conducted a preliminary investigation, pursuant to MCR 9.207, and having received Respondent's consent to this recommendation, the Commission finds that Respondent engaged in professional misconduct as set forth in the following paragraphs.

1. Respondent is now a Judge of the 50th District Court in Pontiac, Oakland County, Michigan, but at all pertinent times mentioned herein, was an attorney licensed to practice in Michigan.

I

2. In March 1975 Respondent undertook to represent Joseph Gallardo for injuries received at the hands of a police officer. Respondent obtained medical releases, drafted a complaint and otherwise represented Mr. Gallardo until January 1978 when

Respondent advised Mr. Gallardo he no longer wished to represent him, just weeks before the statute of limitations expired.

II

3. In December 1979 Respondent was retained by George Schuster to institute legal proceedings to recover money due him on a promissory note. A mediation award of $18,000.00 in favor of Mr. Schuster was entered in May 1981 and accepted by both parties. In January 1982 a consent judgment based on the mediation recommendation was entered into by both parties. Respondent later successfully moved to set aside the judgment and assign the matter for trial. In July 1982 the mediation award was set aside and the matter was set for trial on December 14, 1982.

4. Respondent failed to appear or have anyone else appear at trial and the Court granted defendant's Motion to Dismiss. In November 1987Respondent filed a Motion for Substitution of Party on Death of Plaintiff alleging that plaintiff's death had only become known to him through records secured from the Attorney Grievance Commission which was investigating the matter. This statement was false as Respondent had been advised years earlier of his client's death by correspondence from the attorney for Mr. Schuster's estate.

III

5. In December 1979, Respondent was retained by Mr. and Mrs. Asael Rosado to represent them in a personal injury action arising out of an automobile accident. In May 1984, default judgments were entered against the defendant in the amount of $400,026.60 on Mrs. Rosado's behalf and $40,026.60 on Mr. Rosado's behalf.

6. Respondent referred the collection of the outstanding judgments to the Collection Service Bureau of Pontiac in June 1985. The "Bureau" collected and remitted to Respondent the sum of $237.85 which Respondent deposited to his general account, failing to pay the Rosados the amount due them, and misappropriating those funds. After a grievance had been filed against him, Respondent forwarded a check in the amount of $82.63 to Mr. Rosado.

IV

7. Mrs. Lois Martin retained Respondent in September 1986 for the purpose of obtaining a letter from Hon. James Thorburn granting jurisdiction to the parole board to apply earned disciplinary credits toward her husband's sentence. Respondent received $1,500.00 payment in advance for the service. Although Mrs. Martin explained that specific language was required in the letter and provided Respondent with a copy of the policy directive from the Michigan Department of Corrections, the letter Judge Thorburn sent on February 19, 1987 pursuant

to Respondent's request did not contain the requisite language and was therefore rejected.

8. From May 1987 to November 1988 Mrs. Martin repeatedly contacted Respondent requesting he follow up on the matter. In May of 1988 Respondent notified her in writing that he had been appointed Judge and her case would be transferred to another attorney. Respondent later assured her by phone that he would resolve the matter himself, but then failed to pursue it as promised. Ultimately Mrs. Martin herself resolved the matter more than two years after she had retained Respondent.

V

9. In September 1987, Respondent agreed to represent Mr. and Mrs. Thomas Smith in a housing discrimination case on a contingency basis. He required the Smiths to pay $4,000.00 to be kept in an escrow account and used to cover filing fees and court costs as needed. A Complaint was filed on their behalf sometime in January 1988 and in May of 1988 Respondent advised the Smiths he could no longer represent them as he had been appointed 50th District Court Judge.

10. The Smiths wrote to Respondent in July 1988 requesting an itemized billing of all charged incurred and a refund of the amount still in escrow. Subsequent correspondence and several long distance calls to Respondent from North Carolina failed to elicit a response from Respondent. The funds in fact were not available for refund because they had not been placed into an escrow account, but had been used for other purposes. After the Smiths filed a grievance against him, Respondent refunded $3,500.00 to them in March, 1989.

VI

11. Respondent failed to represent clients competently and diligently, as described in the *Gallardo* case, paragraph 2, the *Schuster* case, paragraphs 3-4, and the *Martin* case, paragraphs 7-8, by:

> a) Prejudicing and damaging his clients by failing to act diligently and promptly (advising a client just before the statute of limitations runs out that he will no longer represent him, failing to reducehis client's claims to judgment experititously [sic]) in violation of Rule 1.3 (formerly DR 7-101[3]).
>
> b) Neglecting legal matters entrusted to him (failing to appear for trial, failing to take any action to set aside dismissals, failing to institute legal proceedings on behalf of his client), in violation of Rule 1.1(c) (former DR 6-101[3]); and
>
> c) Handling a legal matter he knew or should have known he was not competent to handle, or had not adequately prepared to handle, in violation of Rule 1.1(a) and (b) (former DR 6-101[1] and [2]);

12. Respondent mishandled clients' funds, as described in the *Rosado* case, paragraphs 5-6 and the *Smith* case, paragraphs 9-10, by:

> a) Failing to deposit client funds in a trust account and commingling and misappropriating client funds in violation of the Michigan Rules of Professional Conduct, Rule 1.15(a) (formerly DR 9-102[A]);

> b) Failing to render appropriate accountings and failing to promptly pay or deliver to clients the funds to which they are entitled in violation of the Michigan Rules of Professional Conduct, Rule 1.15(b) (formerly DR 9-102[B]).

13. The acts described in paragraphs 1 through 12 constitute:

> a) Conduct clearly prejudicial to the administration of justice as defined by Michigan Constitution 1963, Article VI, Section 30, as amended, MCR 9.205, MCR 9.104, and the Rules of Professional Conduct (former Code of Professional Responsibility);

> b) Conduct that exposes the legal profession and courts to obloquy, contempt, censure and reproach, MCR 9.104(2); and

> c) Conduct that violates the standards or rules of professional responsibility adopted by the Supreme Court, MCR 9.104(4).

14. Therefore it is the finding of this Commission that Respondent's conduct as a practicing attorney, as stated herein, constitutes professional misconduct, and that such conduct was clearly prejudicial to the administration of justice violative of Art VI, Section 30 of the Michigan Constitution of 1963, as amended, and MCR 9.104 and the Code of Judicial Conduct, Canons 1, 2A and 2B.

WHEREFORE, upon resolution of the Michigan Judicial Tenure Commission, and pursuant to MCR 9.221(C), Respondent agreeing thereto, IT IS RECOMMENDED to the Supreme Court of Michigan that the Honorable William Waterman be publicly censured for his conduct as set forth in the preceding pages.

JUDICIAL TENURE COMMISSION
OF THE
STATE OF MICHIGAN

/s/ _____

JOHN S. ABBOTT

_____

F. PHILIP COLISTA

_____

THOMAS J. FOLEY

_____

HILDA R. GAGE

BARRY M. GRANT

HAROLD HOOD

JAMES R. MCCANN

MARJORIE PEEBLES-MEYERS, M.D.

REV. JAY SAMONIE

DATE: Oct 16, 1989                          .

STATE OF MICHIGAN
BEFORE THE JUDICIAL TENURE COMMISSION

IN THE MATTER OF

Hon. WILLIAM WATERMAN                     .
Judge, 50th District Court
70 North Saginaw Street
Pontiac, Michigan 48058

——————————— /

ACKNOWLEDGEMENT, STIPULATION, CONSENT
AND CONCURRENCE OF RESPONDENT

Respondent William Waterman of the 50th District Court, Oakland County, Michigan, acknowledges notice and receipt of the Judicial Tenure Commission's Decision and Recommendation for Order of Discipline dated September 12, 1989, and stipulates to the Judicial Tenure Commission's findings as recited in paragraphs (1) through (14) thereof;

Respondent further affirmatively acknowledges the impropriety of his conduct as set forth in the Decision and Recommendation for Order of Discipline, and pursuant to MCR 9.221(C), consents to the Commission's recommendation that he be publicly censured.

Respondent further concurs in the request of the Judicial Tenure Commission that an order embodying the foregoing disciplinary action be entered immediately by the Michigan Supreme Court.

Dated: 10/11/89        /s/ ————————————————
                            William Waterman
                            50th District Court Judge
                            Pontiac, Michigan
                            Oakland County